RECEIVED

APR 1 9 2006 

ROBERT ⬚ ⬚ ⬚ ⬚ ⬚K
WE⬚ ⬚ ⬚ ⬚ ⬚ ⬚A
⬚ ⬚ ⬚ ⬚ ⬚ ⬚

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

RACHEL W. LASALLE

VS.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION NO. 05-0612

JUDGE DOHERTY

MAGISTRATE JUDGE METHVIN

## REPORT AND RECOMMENDATION ON MOTION FOR REMAND
### *(Rec. Doc. 10)*

Before the court is a Motion For Remand filed by the Commissioner of the Social

Security Administration ("Commissioner") seeking an order remanding this case pursuant to the

sixth sentence of 42 U.S.C. § 405(g). Plaintiff, Rachel W. Lasalle ("Lasalle"), opposes the

motion.

The Commissioner seeks remand because "the recording of the hearing held on August

24, 2004 is partially or totally blank" and therefore Lasalle's file, which the Office of Hearings

and Appeals is unable to locate, cannot be reconstructed.[1] Lasalle opposes the motion on the

grounds that the case should be remanded pursuant to sentence four, rather than sentence six, of

the statute because the Appeals Council's denial is not supported by substantial evidence.[2]

A district court may remand to the Appeals Council under either sentence four or

sentence six of § 405(g). Istre v. Apfel, 208 F.3d 517, 519 (5th Cir. 2000). The fourth sentence

"authorizes a court to enter judgment affirming, modifying, or reversing the decision of the

Secretary, with or without remanding the case for rehearing." Istre v. Apfel, supra, *citing*

Melkonyan v. Sullivan, 501 U.S. 89, 97-99, 111 S.Ct. 2157 (1991). Under the sixth sentence, the

---

[1] Rec. Doc. 13.

[2] Plaintiff filed an opposition and a supplemental reply. Rec. Docs. 12 and 14.

court "does not affirm, modify, or reverse the Commissioner's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceedings." Id. Further, following a sixth sentence remand, the Commissioner must return to the district court to file any additional or modified findings of fact and decision, and a transcript of the additional record. Id. Additionally, a sentence six remand must be made prior to the Commissioner filing an answer[3], and the Commissioner must show good cause for the remand. 42 U.S.C. § 405(g).

Lasalle asserts that the Appeals Council's denial of claimant's claim is not supported by substantial evidence because the tape from the hearing was partially or totally blank, and therefore, the Appeals Council did not have a transcript of the hearing prior to its decision. Additionally, Lasalle argues that the exhibits considered by the Appeals Council failed to include the favorable report of consultative examiner Dr. Alfred Buxton.[4] Accordingly, Lasalle seeks a reversal of the Commissioner's final decision and a remand under sentence four.

In Baker v. Bowen, 839 F.2d 1075, 1082 (5th Cir. 1988), the Fifth Circuit stated:

The Social Security Act requires that all decisions of the Appeals Council be based upon "the evidence adduced at the hearing," 42 U.S.C. § 405(b). Federal regulations further require that the Appeals Council review all the evidence in the hearing record. The Appeals Council nevertheless upheld the denial of benefits without reviewing the tape, a fact which the Secretary does not dispute. We

---

[3] In the case at bar, the Commissioner has not yet filed an answer.

[4] The ALJ addressed Dr. Buxton's report, however, the report is not listed on the "List of Exhibits - Medical Records" which was forwarded to the Appeals Council. Rec. Doc. 12-2, p. 16.

therefore hold that the Appeals Council failed to fulfil this statutory duty when it affirmed the ALJ, perfunctorily and automatically, without reviewing all the evidence...

Baker v. Bowen, 839 F.2d 1075, 1082 (5th Cir. 1988).

Although not explicitly noted, Baker apparently involved a situation wherein the Appeals Council granted the request for review, however, after review the decision of the ALJ was affirmed.[5] There is a difference between the Appeals Council decision denying further review and one granting review but affirming the ALJ's decision. The regulations provide that "[t]he Appeals Council may deny a party's request for review or dismiss the request for review or it may decide to review a case and make a decision." 20 C.F.R. §404.967. The Appeals Council will review a case as follows:

(a) The Appeals Council will review a case if-

(1) There appears to be an abuse of discretion by the administrative law judge;
(2) There is an error of law;
(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or
(4) There is a broad policy or procedural issue that may affect the general public interest.

Id. at § 404.970.

Once a case is under review, the Appeals Council must review all evidence in the administrative law judge hearing record, which in Baker, required the review of the hearing testimony. 20 C.F.R.§ 404.976(b).

In this case, however, the Appeals Council denied Lasalle's request for review, and there are no regulations which specifically address the procedures to be used by the Appeals Council in

---

[5] The decision cites 20 C.F.R. 404.976(b) and 404.979, both of which relate to the actions of the Appeals Council once the case is under review.

making its determination. Lasalle cites no authority for the proposition that the Appeals Council

must review a transcript of the hearing or listen to the tape before deciding to deny review.

However, the undersigned is persuaded that such a requirement is implicit in the regulation

requiring the Appeals Council to determine whether the request for review should be granted

when "action, findings or conclusions of the administrative law judge are not supported by

substantial evidence."[6] As one court noted:

> [I]t is beyond cavil that the Appeals Council can conclude that there is substantial
> documentary evidence to support a decision without undertaking some sort of
> cursory evaluation of the testimony elicited during the hearing before the ALJ... A
> claimant's testimony, and the testimony of others familiar with his or her
> condition, can be vitally important in establishing factors critical to a finding of
> disability, such as elements of a listed impairment or the existence of significant
> nonexertional limitations on the ability to work. Often, the only way to establish
> the frequency and severity of such conditions is through this testimony. Thus,
> implicit in the language of § 416.1470(a)(3)[7] that the ALJ's decision be supported
> by substantial evidence is the requirement that the Appeals Council inform itself
> as to the universe of that evidence. It is impossible for the Appeals Council to
> conclude that a decision denying benefits is supported by substantial evidence
> without even looking at the extent and content of the hearing testimony.

Gomez v. Sullivan, 761 F.Supp. 746, 749-750 (D.Colo.,1991), *accord* Vigil v. Barnhart, 361 F.

Supp.2d 1277.

Here, the Appeals Council issued a Notice stating, "We found no reason under our rules

to review the Administrative Law Judge's decision. Therefore, we have denied your request for

review."[8] The instant motion, however, states that the audio tape of the administrative hearing is

partially or totally blank and could not be transcribed. With no hearing transcript, the Appeals

---

[6] Rec. Doc. 11-2, p. 3.

[7] The SSI corollary to § 404.970.

[8] Rec. Doc. 12-2, p. 19.

Council was precluded from determining whether substantial evidence supported the ALJ's decision. Additionally, without the report of Dr. Buxton, who concluded that plaintiff would not be able to maintain employment, the Appeals Council did not consider all of the available evidence. Accordingly, the undersigned concludes that the Appeals Council failed to fulfill its duty to review the pertinent evidence in determining whether to grant or deny Lasalle's request for review.

Accordingly, the undersigned concludes that the Commissioner's decision[9] is not supported by substantial evidence of record because the Appeals Council failed to review the record prior to its denial of Lasalle's request for review.[10]

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision be **REVERSED** and that this case be **REMANDED** under the fourth sentence of 42 U.S.C. § 405(g).[11]  It is further recommended that upon remand, the ALJ conduct a *de novo* hearing and review.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may

---

[9] *See* Higginbotham v. Barnhart, 405 F.3d 332, *337 -338 (5th Cir 2005)(In sum, the statute provides that a claimant may obtain review of "any final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). Because the statute does not define "final decision of the Commissioner of Social Security", we must look to the regulations. The regulations do not explicitly define the term. We extrapolate from the words of the regulation, however, that "final decision of the Commissioner of Social Security" includes the Appeals Council's denial of a request for review because the regulations provide that the Commissioner's decision does not become final until after the Appeals Council makes its decision denying the claimant's request for review.)

[10] The court's review is restricted under 42 U.S.C. §405(g) to two inquiries: (1) whether the Commissioner's decision is supported by substantial evidence in the record; and (2) whether the decision comports with relevant legal standards.  Carey v. Apfel, 230 F.3d 131, 136 (5th Cir. 2000); Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir.1992); Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994).

[11] Any judgment entered herewith will be a "final judgment" for purposes of the Equal Access to Justice Act (EAJA).  See, Richard v. Sullivan, 955 F.2d 354 (5th Cir. 1992) and Shalala v. Schaefer, 509 U.S. 292 (1993).

respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana on ____April 19th____, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)